### THE WESTERN UNION TELEGRAPH COMPANY v. THE GETTO-McCLUNG BOOT AND SHOE COMPANY.

#### NO. 92.

EVIDENCE—*Letters and Statements of Persons not Parties, Incompetent.* Where the court on the trial of a case permits the plaintiff, over the objection of the defendant, to give in evidence, to prove the material facts necessary to sustain his case, the statements, letters and declarations of persons not parties to the suit nor interested therein, it is prejudicial error for which a new trial ought to be granted.

MEMORANDUM.—Error from Sedgwick court of common pleas; JACOB M. BALDERSTON, judge. Action by The Getto-McClung Boot and Shoe Company against The Western Union Telegraph Company to recover damages for alleged negligence. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein, filed February 10, 1896, states the material facts.

*W. E. Stanley,* and *Rossington, Smith & Dallas,* for plaintiff in error.

*Sankey & Campbell,* for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J.: The Getto-McClung Boot and Shoe Company, a wholesale firm doing business in the city

of Wichita, Kan., in 1889, sold boots and shoes to a firm by the name of Darling Brothers, doing business at Oklahoma City, Indian territory. In February, 1890, the firm of Darling Brothers was indebted to the wholesale firm in the sum of ·$502, which was then past due, and the wholesale house was urging them for payment of the debt, and Darling Brothers were making promises of payment and representing that their stock was largely in excess of their indebtedness, and that they would be abundantly able to pay all their indebtedness, and would pay it in the course of a short time. Some time about the middle of February the wholesale firm concluded to investigate the financial circumstances of the Darling Brothers and try to collect their debt, and, for the purpose of accomplishing the object in view, one member of the wholesale firm went to Oklahoma City and took with him an attorney, for the purpose of taking such legal steps to collect the debt as they might find necessary. On their arrival at Oklahoma City, and making such examination and investigation as was satisfactory to them, they concluded that the debt could only be collected by proceedings in attachment. Oklahoma City, being situated in the Indian territory, at that time was within the jurisdiction of the United States court at Muskogee, in said territory. There was no other court through which the claim could be collected by suit, and there being no direct line of travel by rail from Oklahoma City to Muskogee, the parties returned to Wichita and sent a statement of account, duly verified, to a firm of attorneys located at Muskogee, with direction to proceed at once against the Darling Brothers by attachment. The attorneys at Muskogee, on receipt of the papers, at once sent a telegram by the Western Union telegraph line to the attorneys

of the wholesale firm at Wichita, requesting them to wire an indemnity to a party at Muskogee to become bondsman in the contemplated attachment proceedings.    The message was sent direct to Wichita, and was received there the same day, but was not delivered to the attorneys for the wholesale firm for some three days thereafter, and not until they had received a letter by mail from the attorneys at Muskogee.  The Darling Brothers, on the 5th day of February, had given a bill of sale of the stock of goods at Oklahoma City and on their stock of goods located at Enid to one Huey, of Arkansas City, Kan., to secure the payment of the sum of $3,100 borrowed money.   A short time thereafter Huey, by his agent and attorney, took possession of the Darling Brothers' stock of goods, and on about the 24th of February, 1890, removed them to Arkansas City, and there sold them at private sale, the goods not selling for sufficient to pay the debt then due to Huey.   So that by the time the wholesale firm got bonds for securing an attachment and a writ issued and placed in the hands of the United States marshal the goods formerly belonging to the Darling Brothers could not be reached by the marshal under the attachment from the United States court at Muskogee.    The wholesale firm at once commenced an action in the court of common pleas of Sedgwick county, Kansas, against the Western Union Telegraph Company to recover damages on account of negligence in not delivering the message sent by its attorneys at Muskogee to its attorneys at Wichita, claiming that by reason of the negligence in not delivering such message within a reasonable time after receipt it was defeated in its efforts to collect its debt out of the property of Darling Brothers, which

was then liable to attachment and subject to the payment of its claim.

The telegraph company, by way of defense to the action, denied all the matters set out in the petition of the plaintiff below, and upon the issues joined between the parties the case was tried before the court with a jury, and resulted in a general verdict for the plaintiff below. The jury also made and returned special findings of fact, and upon the general verdict of the jury the court rendered judgment for the plaintiff below, and the case comes here for review.

The errors complained of by plaintiff in error consist principally of the objections and exceptions taken to the introduction of evidence on the trial of the case. Under the issues in this case, it was necessary for the plaintiff below to prove that it had a valid claim against the Darling Brothers; that it was due; that Darling Brothers had property within the jurisdiction of the United States court at Muskogee liable to pay its claim, and that it was subject to attachment, and that such facts existed as rendered them subject to have an attachment issued under the laws in force in the jurisdiction where they were located; that the telegram was sent over the Western Union Telegraph Company's lines; that it was not delivered at Wichita within a reasonable time after it was sent; that by reason of the failure to deliver the message within a reasonable time after it was received the wholesale firm was deprived of the benefit which the law entitled it to by way of attachment against the property of the Darling Brothers. These facts were material to support the claim of the wholesale company, and they should have been established by competent evidence.

The plaintiff below sought to prove many of th.

essential facts necessary to support its case by what the Darling Brothers said at different times and places about their stock of goods and the value thereof, and what the plaintiff and its attorneys learned from a bank at Oklahoma City, and what Huey had told them, and also conversation between members of the wholesale firm and its attorneys, and letters written by it to the Darling Brothers, and the letters of the Darling Brothers written to the wholesale house; also, conversation between plaintiff below and its attorney with one of the Darling Brothers, at Wichita, after the effort to collect the debt in the court at Muskogee had been commenced. This evidence was all incompetent and it was material, and without it the defendant in error could not have recovered. The principal witness on the trial was Getto, one of the members of the wholesale firm, and his testimony was principally made up of conversation between himself and the Darling Brothers, and correspondence between them, and statements by them as to their stock of goods, their value, the taking of inventories thereof, and as to the decision that he and one of the firm's attorneys came to as to what they must do to collect the debt from the Darling Brothers. All of these statements were allowed to be given in evidence to the jury, over the objection of the defendant below, and the jury were required to give it full consideration as a part of the facts in the case, and it was evidently considered by them in arriving at their verdict.

For the errors in admitting incompetent testimony, the judgment of the court of common pleas is reversed, and the case remanded to the district court of Sedgwick county, with instructions to set aside the verdict and grant a new trial herein.

All the Judges concurring.